**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| GOOGLE INC.<br>       Petitioner,<br><br>       v.<br><br>DIGITAL CITIZENS ALLIANCE,<br>MOTION PICTURE ASSOCIATION OF<br>AMERICA, INC., and<br>JENNER & BLOCK LLP<br>       Respondents. | **CASE NO.:** 1:15-mc-00707-JEB-DAR<br><br>**CASE IN OTHER COURT:**<br>No. 3:14-cv-00981-HTW-LRA (S.D. Miss.) |

**GOOGLE INC.'S RULE 45(f) MOTION TO TRANSFER**

Pursuant to Rule 45(f) of the Federal Rules of Civil Procedure, Petitioner Google Inc., by and through its undersigned counsel, moves this Court to transfer its previously filed Motions to Compel Compliance with Subpoenas, Dkt. No. 1, 4, and 5, to the United States District Court for the Southern District of Mississippi, the Honorable Judge Henry Wingate presiding.

This Motion is supported by the attached Memorandum, the previously filed Declaration of Michael H. Rubin and attached exhibits (Dkt. No. 1-2, 4-2, 5-2, 6, 7), a proposed order, any papers submitted in reply to any opposition to this Motion, facts of which this Court may take judicial notice, the record in the underlying action in the United States District Court for the Southern District of Mississippi, Case No. 3:14-cv-00981-HTW-LRA, arguments of counsel, if any, and any other matters as may properly come before this Court.

Dated:  June 4, 2015               Respectfully submitted,

                                               WILSON SONSINI GOODRICH & ROSATI
                                               Professional Corporation

By: *s/ Veronica S. Ascarrunz*
Veronica S. Ascarrunz (D.C. Bar No. 494474)
1700 K Street, NW
Fifth Floor
Washington, DC 20006
Email: vascarrunz@wsgr.com
Phone: (202) 973-8800
Fax: (202) 973-8899

David H. Kramer (*pro hac vice* forthcoming)
Michael H. Rubin (*pro hac vice* forthcoming)
650 Page Mill Road
Palo Alto, CA 94304
Email: dkramer@wsgr.com
Email: mrubin@wsgr.com
Phone: (650) 496-9300
Fax: (650) 493-6811

*Attorneys for Petitioner*
GOOGLE INC.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GOOGLE INC. )<br>　　　Petitioner, )<br> )<br>　v. )<br> )<br> )<br>DIGITAL CITIZENS ALLIANCE, )<br>MOTION PICTURE ASSOCIATION OF )<br>AMERICA, INC., and )<br>JENNER & BLOCK LLP )<br>　　　Respondents. )<br> ) | **CASE NO.:** 1:15-mc-00707-JEB-DAR<br><br>**CASE IN OTHER COURT:**<br>No. 3:14-cv-00981-HTW-LRA (S.D. Miss.) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**GOOGLE INC.'S RULE 45(f) MOTION TO TRANSFER**

　　　　　　　　　　　　　　　　WILSON SONSINI GOODRICH & ROSATI
　　　　　　　　　　　　　　　　Professional Corporation

　　　　　　　　　　　　　　　　Veronica S. Ascarrunz (D.C. Bar No. 494474)
　　　　　　　　　　　　　　　　1700 K Street, NW
　　　　　　　　　　　　　　　　Fifth Floor
　　　　　　　　　　　　　　　　Washington, DC 20006
　　　　　　　　　　　　　　　　Email: vascarrunz@wsgr.com
　　　　　　　　　　　　　　　　Phone: (202) 973-8800
　　　　　　　　　　　　　　　　Fax: (202) 973-8899

　　　　　　　　　　　　　　　　David H. Kramer (*pro hac vice* forthcoming)
　　　　　　　　　　　　　　　　Michael H. Rubin (*pro hac vice* forthcoming)
　　　　　　　　　　　　　　　　650 Page Mill Road
　　　　　　　　　　　　　　　　Palo Alto, CA 94304
　　　　　　　　　　　　　　　　Email: dkramer@wsgr.com
　　　　　　　　　　　　　　　　Email: mrubin@wsgr.com
　　　　　　　　　　　　　　　　Phone: (650) 496-9300
　　　　　　　　　　　　　　　　Fax: (650) 493-6811

　　　　　　　　　　　　　　　　*Attorneys for Petitioner*
　　　　　　　　　　　　　　　　GOOGLE INC.

## TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................. 1

PROCEDURAL HISTORY .............................................................................................. 2

STANDARD ....................................................................................................................... 6

ARGUMENT ...................................................................................................................... 7

I.   Exceptional Circumstances Exist to Support Transfer of the Motion to Compel to the Southern District of Mississippi ........................................................................... 7

II.  Transfer Would Not Unduly Burden the DC Subpoenaed Parties ............................ 11

CONCLUSION ................................................................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Agincourt Gaming, LLC v. Zynga, Inc.*, Case No. 2:14-cv-0708-RFB-NJK,
    2014 U.S. Dist. LEXIS 114348 (D. Nev. Aug. 15, 2014) ......................................... *passim*

*Chem-Aqua, Inc. v. Nalco Co.*, No. 3:14-mc-71-D-BN,
    2014 U.S. Dist. LEXIS 80630 (N.D. Tex. June 13, 2014) ..........................................7, 12

*Fed. Deposit Ins. Co. v. Everest Reinsurance Holdings, Inc.*, 13 Misc. 381 (KPF),
    2014 U.S. Dist. LEXIS 8506 (S.D.N.Y. Jan. 23, 2014) ................................................6, 7, 9

*FTC v. A+ Fin. Ctr., LLC*, No. 1:13-mc-50,
    2013 U.S. Dist. LEXIS 172472 (S.D. Ohio Dec. 5, 2013) ...................................................8

*In re Subpoena to Kia Motors Am., Inc.*, SACV 14-315 JLS (RNBx),
    2014 U.S. Dist. LEXIS 72827 (C.D. Cal. Mar. 6, 2014) ....................................................12

**Judicial Watch, Inc. v. Valle Del Sol, Inc.*, No. 14-mc-0538-(BAH),
    2014 U.S. Dist. LEXIS 140784 (D.D.C. Oct. 3, 2014) ............................................ *passim*

*Moon Mt. Farms, LLC v. Rural Cmty. Ins. Co.*,
    301 F.R.D. 426 (N.D. Cal. 2014) ..........................................................................7, 12

*Patriot Nat'l Ins. Group v. Oriska Ins. Co.*,
    973 F. Supp. 2d 173 (N.D.N.Y. 2013) ...............................................................................9

**Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38 (D.D.C. 2014) ........................................................10

*XY, LLC v. Trans Ova Genetics, L.C.*, No. 1:14-mc-00778 (CRC),
    2014 U.S. Dist. LEXIS 126258 (D.D.C. Sept. 10, 2014) ..........................................9, 10

## RULES

Fed. R. Civ. P. 45(f) ........................................................................................................ *passim*

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 45(f), Google Inc. ("Google") respectfully moves to transfer its Motions to Compel, filed in this Court on June 1, 2015 (Dkt. No. 1, 4,5), to the United States District Court for the Southern District of Mississippi (the "Mississippi Court"), where Google has sued Mississippi Attorney General Jim Hood ("AG Hood").[1] By its Motions to Compel, Google seeks to enforce identical subpoenas directed to three parties: (i) the Motion Picture Association of America ("MPAA"), (ii) Jenner & Block LLP ("Jenner"), and (iii) the Digital Citizens Alliance ("DCA") (collectively, the "DC Subpoenaed Parties"), each of whom directly influenced the misconduct by AG Hood that is at the core of the underlying action.

This is a model case for a Rule 45(f) transfer.  In Mississippi, the Honorable Henry Wingate has already issued a preliminary injunction against AG Hood prohibiting him from violating Google's Constitutional and statutory rights.  In so doing, Judge Wingate identified the central issues in the litigation and set a short timeline for discovery and for the case overall. Judge Wingate is also currently considering Google's motion to compel against AG Hood, one that raises a number of the same privilege issues presented in Google's Motions to Compel here. And Google has filed another, very similar motion to compel in the Southern District of New York against Twenty-First Century Fox, Inc., Viacom, Inc., and NBCUniversal Media, LLC (collectively, the "NY Subpoenaed Parties").  Having three different district courts decide Google's multiple motions to compel could lead to inconsistent rulings, would waste judicial resources, and risks undermining the Mississippi Court's ability to manage the underlying

---

[1] *See Google Inc. v. Hood*, Case No. 3:14-cv-00981-HTW-LRA (filed S.D. Miss. Dec. 19, 2014). All citations herein to "MS Dkt." refer to the docket in this Mississippi action.

litigation. Accordingly, exceptional circumstances justify transfer of these motions to the Mississippi Court.

In contrast, there are no compelling interests weighing against transfer. The MPAA, Jenner, and the three NY Subpoenaed Parties are all represented by the same law firm, and they have all taken the same position with respect to Google's subpoenas. The remaining party, the DCA, has already appeared voluntarily in the underlying action in Mississippi through the same counsel representing them here. And all of these parties have involved themselves heavily in Mississippi's affairs for several years now. They should not be heard to complain about a court there adjudicating their refusal to provide information in a case directly relating to that involvement.

Because exceptional circumstances warranting transfer exist and because transfer would not work an undue hardship on the DC Subpoenaed Parties, Google asks that its Motions to Compel be transferred to the Mississippi Court as soon as possible so that they can be decided consistent with that court's prior and pending rulings.

## PROCEDURAL HISTORY

**The Mississippi Action**. Google sued AG Hood in December 2014 after enduring two years of increasing pressure from his office. During that period, AG Hood repeatedly demanded that Google remove content from its online services that he and a group of powerful special interests—including the DC Subpoenaed Parties—deem objectionable. And AG Hood threatened to retaliate against Google with burdensome Civil Investigative Demands ("CIDs") if Google did not comply. The DC Subpoenaed Parties appear to have exercised enormous influence over AG Hood in this endeavor, and they were the ones who actually drafted a 79-page

CID that AG Hood issued to Google in October 2014.[2]  On March 2, 2015, after reviewing substantial evidentiary submissions, the Mississippi Court concluded that there was "significant evidence" that AG Hood's CID was issued in "bad faith" with retaliatory intent and that there is a "substantial likelihood" that Google will prevail on its claims that AG Hood violated Google's First and Fourth Amendment rights.  Declaration of Michael H. Rubin ("Rubin Decl."), Dkt. No. 1, 4, 5, ¶¶ 20-21, Exh. 52, 53 at 14 (March 2 Order granting Google's Motion for Temporary Restraining Order and Preliminary Injunction and March 27 PI Order elaborating on that ruling).[3]  Judge Wingate enjoined AG Hood from enforcing his CID, filing charges against Google, or otherwise taking further action against Google pending a final decision on its claims, which he described as appearing "substantially meritorious." *Id*.  The Mississippi Court also set an expedited case schedule which affords a limited period for discovery followed by summary judgment briefing and trial.  *Id*. ¶ 20, Exh. 52 at 3-4.

Google has already moved to compel production of certain documents from AG Hood in the Mississippi Court.  MS Dkt. 100. AG Hood has asserted dubious work product and attorney-client privilege objections over a wide range of materials—including documents sent back-and-forth between his office and the DC Subpoenaed Parties. MS Dkt. No. 103 (Def.'s Opp. to Mot. to Compel). Google's motion and AG Hood's objections raise similar—and in many cases identical—issues to those in Google's Motions to Compel here. MS Dkt. 100, 103.  Oral argument on Google's motion in Mississippi was held on May 19, 2015, and the matter is under

---

[2] As explained in the Motions to Compel, the document is formally titled "Administrative Subpoena" rather than "Civil Investigative Demand."  It contains 141 document requests and 62 interrogatories, demanding the production of an extraordinarily broad array of information, and even has its own table of contents. *See* Mot. to Compel at 1 n.1.

[3] The Rubin Declaration was submitted in support of Google's Rule 45 Motions to Compel Compliance with Subpoena (Dkt. No. 1, 4, 5).  All citations herein to the "Rubin Decl." refer to that same declaration and exhibits.

submission with a decision expected imminently. MS Dkt. (May 19, 2015 Minutes Entry for proceedings held before District Judge Henry T. Wingate).

**Third Party Discovery in the Mississippi Action**. After Judge Wingate preliminarily enjoined AG Hood and opened third party discovery, on March 12, Google served identical document subpoenas on the DC Subpoenaed Parties.[4] Rubin Decl. ¶ 2, Exh. 1, 2, 6. In response, the DC Subpoenaed Parties took nearly identical positions. At the outset, they insisted that the subpoenas were premature because discovery had not opened, a position that they reiterated throughout the meet and confer process. *Id*. ¶¶ 3-4 and accompanying exhibits. That stance necessitated that Google reconfirm with Judge Wingate that discovery had in fact opened on March 2, which he did in an April 10 order. *Id*. ¶ 5, Exh. 14 at 2 (Order on *Ore Tenus* Discovery Motion confirming discovery as to third parties opened March 2, 2015). When the DC Subpoenaed Parties finally did meaningfully respond—after ignoring an extended deadline given to them by Google—they agreed to produce only a narrow subset of the requested documents: "documents to which Attorney General Hood's Office was a party." *Id*. ¶ 9, Exh. 27, 28, 32 (April 24 letters and responses from the DC Subpoenaed Parties). They claimed that everything else Google seeks is either irrelevant or privileged.

Over a month later, the DC Subpoenaed Parties have not produced even a single document. The MPAA and Jenner have repeatedly said that they "will await the result of the current motion practice" pending before the Mississippi Court on Google's motion to compel before producing anything. *Id*. ¶ 9, Exh. 27, 28 (April 24 letters from MPAA and Jenner). But

---

[4] At the same time, Google also served similar document subpoenas on the NY Subpoenaed Parties. Rubin Decl. ¶ 2, Exh. 3-5. Google has since subpoenaed two other parties—the Recording Industry of America Inc. ("RIAA") and the Orrick, Herrington & Sutcliffe LLP law firm ("Orrick")—in the District of Columbia and Northern District of California, respectively. *Id*. ¶ 2.g and 2.h. The compliance date for the RIAA subpoena was May 29, 2015, and it is June 8, 2015 for the Orrick subpoena. *Id*.

while they say that Judge Wingate's order will clarify and directly bear on their own assertions of privilege, they refuse to be bound by it.

Google has expended significant effort meeting and conferring with the DC Subpoenaed Parties in an attempt to secure their compliance. After exchanging a series of letters concerning the timing of the subpoena, Google participated in lengthy meet and confer calls on May 11 and 13 with two different sets of Jenner lawyers regarding the objections from Jenner and the MPAA. *Id*. ¶¶ 10, 12. On May 19, Google met and conferred with counsel for the DCA regarding its objections. *Id*. ¶ 13. Google and the DC Subpoenaed Parties then exchanged additional rounds of correspondence. *Id*. ¶¶ 14-19 and accompanying exhibits. Throughout, the DC Subpoenaed Parties have taken nearly identical positions.[5] *Id*. Ultimately, the meet and confer process on the subpoenas ended in an impasse on core questions of relevance, privilege, and how to interpret Judge Wingate's Orders. *Id*. ¶¶ 18-19, Exh. 48, 50, 51.

This impasse, and the narrow window Judge Wingate afforded for discovery, led Google to bring identical motions to compel against the DC Subpoenaed Parties here in the District of Columbia, and a motion against the NY Subpoenaed Parties in the Southern District of New York. S*ee* Dkt. No. 1, *Google v. Twenty-First Century Fox, Inc., NBCUniversal Media, Inc., and Viacom, Inc.*, Case No. 15-misc-150 (S.D.N.Y June 1, 2015). These motions raise nearly identical issues due to the subpoenaed parties' uniform positions.

---

[5] Their positions have also been nearly identical to those taken by the NY Subpoenaed Parties (who are represented by yet another lawyer at Jenner), with whom Google was also meeting and conferring throughout the same period. *Id*. ¶¶ 11, 14-19 and accompanying exhibits.

## **STANDARD**

Pursuant to Federal Rule of Civil Procedure 45(f), the court where a subpoena's compliance is required may transfer subpoena-related motions to the issuing court either upon consent or "if the court finds exceptional circumstances."[6] Fed. R. Civ. P. 45(f).

The Advisory Committee notes on Rule 45(f) explain that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Courts confronting Rule 45(f) transfer motions have looked to a number of additional factors, including "the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, No. 14-mc-0538-(BAH), 2014 U.S. Dist. LEXIS 140784, at *10 (D.D.C. Oct. 3, 2014); *see also Agincourt Gaming, LLC v. Zynga, Inc.*, Case No. 2:14-cv-0708-RFB-NJK, 2014 U.S. Dist. LEXIS 114348, at *17 (D. Nev. Aug. 15, 2014) (listing factors "such as judicial economy, docket management, and the risk of inconsistent rulings"); *Fed. Deposit Ins. Co. v. Everest Reinsurance Holdings, Inc.*, 13 Misc. 381 (KPF), 2014 U.S. Dist. LEXIS 8506, at *5-*7 (S.D.N.Y. Jan. 23, 2014) (judicial economy and comity served by transfer in light of prior and pending motions in issuing court). Courts balance the factors favoring transfer against any burden that might exist to the non-party recipient of the subpoena by virtue of having compliance issues decided by the issuing court. *Judicial Watch, Inc.*, 2014 U.S. Dist. LEXIS 140784, at *10-*11.

---

[6] Among the common positions of the DC Subpoenaed Parties (and the NY Subpoenaed Parties) is an unwillingness to consent to transfer under Rule 45(f). Rubin Decl. ¶¶ 10-13.

## ARGUMENT

Transfer of Google's Motions to Compel to the Mississippi Court under Rule 45(f) is warranted here because the motion presents questions of relevance and privilege similar to those already presented to (or decided by) the Mississippi Court and will turn in part on interpretation of the Mississippi Court's prior orders. Google's Motions to Compel here are nearly identical to Google's consolidated motion already filed in the Southern District of New York against the NY Subpoenaed Parties (which is also the subject of a transfer motion), and Google has a nearly identical subpoena outstanding in a third district that may require motion practice. Asking any court other than the Mississippi Court to rule on the issues that these motions present—issues that turn on a record already developed before the Mississippi Court—risks inconsistent rulings, would waste judicial resources, and could undermine the Mississippi Court's ability to manage the underlying litigation. These are the "exceptional circumstances" that Rule 45(f) envisions, and they outweigh any burden the DC Subpoenaed Parties might claim.

**I. Exceptional Circumstances Exist to Support Transfer of the Motion to Compel to the Southern District of Mississippi.**

Courts regularly transfer subpoena-related motions when the issuing court is already considering related issues in another motion to compel pending before it. *Chem-Aqua, Inc. v. Nalco Co.*, No. 3:14-mc-71-D-BN, 2014 U.S. Dist. LEXIS 80630, at *9 (N.D. Tex. June 13, 2014) ("The Court finds that the interests in having the issuing court resolve the discovery issues presented by the pending subpoena-related motions outweigh [the non-party's] interests in obtaining local resolution of the motions in this Court."); *Fed. Deposit Ins. Co.*, 2014 U.S. Dist. LEXIS 8506, at *6-*7 (pending motion to compel in the issuing court on similar issues counseled in favor of transfer); *cf. Moon Mt. Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014) ("When the issuing court has already ruled on issues presented by a

subpoena-related motion, exceptional circumstances exist and the court of compliance may transfer the motion to the issuing court."). Transfer in these situations is warranted in order to "avoid inconsistent outcomes and for purposes of judicial economy." *FTC v. A+ Fin. Ctr., LLC*, No. 1:13-mc-50, 2013 U.S. Dist. LEXIS 172472, at *9 (S.D. Ohio Dec. 5, 2013).

That is the case here. Currently under submission before the Mississippi Court is Google's motion to compel against AG Hood. That motion implicates many of the same privilege issues raised by the Motions to Compel here and is due to be decided well before this Court would hear this matter. Ms. Dkt. 100. Google brought that motion in response to AG Hood's assertion of the same privileges that the DC Subpoenaed Parties have claimed to date—presumably over many of the same documents. MS Dkt. 103 (Def.'s Opp. to Mot. to Compel); Rubin Decl. ¶ 15, Exh. 38 (letter from Jenner noting that "some subset of the communications between the firm and Attorney General Hood appear to be subject to the motion to compel" in Mississippi). Indeed, both the MPAA and Jenner, whose relationship with AG Hood is at the heart of Google's case, recognize that the Mississippi Court is better positioned to resolve this issue: they have unilaterally delayed production of even the limited set of documents they have agreed to produce until the Mississippi Court decides Google's pending motion against AG Hood.[7] Rubin Decl. ¶ 9, Exh. 27, 28; *supra*, p. 4-5. In so doing, they have repeatedly said that they believe the Mississippi Court's ruling will clarify the scope of those privileges in the case and directly bear on their own assertions of privilege—a position that should be dispositive on the transfer question. *See, e.g.*, Rubin Decl. ¶¶ 10, 12-16, Exh. 33, 35, 37-38, 41-42;[8] *see also*

---

[7] The MPAA and Jenner have gone a step further: they have sent the complete set of communications they have agreed to produce not to Google—but instead directly to AG Hood in Mississippi—so that the Attorney General can review it first. Rubin Decl. ¶ 15, Exh. 37, 38.

[8] The DC Subpoenaed Parties also dispute whether Google's subpoenas were timely served and, as a result, the validity of late-asserted objections. *See supra*, p. 4; Mot. to Compel at 9-10. Their argument stems from their view of Judge Wingate's Orders, which set out the parameters and deadlines for discovery in the case. Rubin Decl. ¶

*Judicial Watch, Inc.*, 2014 U.S. Dist. LEXIS 140784, at *16 (the issuing court's resolution of privilege issues in discovery "only underscores that court's familiarity with the privilege issues being raised and confirms the need for transfer to ensure consistent rulings.").

The fact that the DC Subpoenaed Parties' main objection is that the subpoenas seek irrelevant documents also reinforces the need for transfer. *See, e.g.*, Rubin Decl. ¶ 15 , Exh. 37, 38, 40; *see also supra*, p. 4; Mot. to Compel at 11-15.  "The issuing court is ... in a far better position than [the compliance court] to evaluate the relevance of, and necessity for, the documents demanded." *Judicial Watch, Inc.*, 2014 U.S. Dist. LEXIS 140784, at *12; *see also XY, LLC v. Trans Ova Genetics, L.C.*, No. 1:14-mc-00778 (CRC), 2014 U.S. Dist. LEXIS 126258, at *5-*6 (D.D.C. Sept. 10, 2014) (noting "that 'the relevance argument advanced [by the non-party] emphasizes the need for the court where the underlying matter lies to decide the matter'" (quoting *Patriot Nat'l Ins. Group v. Oriska Ins. Co.*, 973 F. Supp. 2d 173, 176 (N.D.N.Y. 2013)); *Agincourt Gaming, LLC*, 2014 U.S. Dist. LEXIS 114348, at *18 (because issuing court "possesses superior familiarity with the underlying issues ... it is in the interest of judicial economy to transfer the motion."). That is especially true where, as here, the issuing court has already rendered decisions on the merits of the case that would bear on any assessment of relevance. *Id.*; *cf. Patriot Nat'l Ins. Group*, 973 F. Supp. 2d at 176 (transferring motion where the court with the underlying action "[had] already decided multiple motions related to the merits in the case, including plaintiffs' motion for a preliminary injunction"); *Fed. Deposit Ins. Co.*, 2014 U.S. Dist. LEXIS 8506, at *6 (noting that the compliance court "[was] not in the best position to resolve such arguments" around the permitted scope of discovery).  In light of its handling of the underlying case, the Mississippi Court "possesses superior familiarity with the

---

20, Exh. 52; *id.* ¶ 5, Exh. 14. Resolution of this dispute will require interpretation of those orders, and there can be no question that the Mississippi Court is in a better position to interpret its own orders than anyone else.

underlying issues" and is thus in a better position to assess the relevance of the documents requested than any other court.

Beyond just relevance, courts facing common issues in multiple districts regularly recognize that the "potential for inconsistent rulings should be avoided and weighs in favor of a single judicial officer deciding all of these disputes." *Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 (D.D.C. 2014); *see also Agincourt Gaming, LLC*, 2014 U.S. Dist. LEXIS 114348, at *19 ("That risk is heightened in a case like this one where the issued subpoenas require compliance from different non-parties in different districts."). In *Wultz*, the court concluded that a multiplicity of proceedings warranted transfer even though it was only considering *prospective* subpoenas that might issue. 304 F.R.D. at 46; *see also XY, LLC v. Trans Ova Genetics, L.C.*, No. 1:14-mc-00778 (CRC), 2014 U.S. Dist. LEXIS 126258, at *4-*5 (transferring motion due to "the interests of the [issuing court] in maintaining oversight of all aspects of this complex litigation, especially since the court has already supervised substantial discovery and begun preparations for trial."). Here, the risk is considerably more concrete. Google has served eight subpoenas in the underlying action: four in the District of Columbia, three of which are the subject of this motion; three in the Southern District of New York that are the subject of parallel motions to compel and to transfer; and one in the Northern District of California whose response date has not yet come due. Each subpoena seeks similar materials, and the subpoenaed parties both here and in New York are taking nearly identical positions (all but the DCA are represented by Jenner). As a result, Google's motions to compel raise nearly identical issues of relevance, privilege, and questions about the Mississippi Court's orders. The interests identified by the *Wultz* court as justifying transfer are readily apparent.

Finally, having these matters addressed in different courts risks interfering with the Mississippi Court's management of the underlying litigation. After granting Google's motion for a preliminary injunction, the Mississippi Court set an expedited discovery period, to be followed by summary judgment and trial. The documents Google seeks are central to those proceedings. Asking at least two other District Courts to wade into a process that the Mississippi Court is already actively managing is not only wasteful of judicial resources; it could imperil the Mississippi Court's case management timeline. That is the sort of interference that weighs in favor of transfer under Rule 45. Fed. R. Civ. P. 45(f) Advisory Committee Note (2013).

\* \* \* \* \*

It is clear that asking multiple courts to address the same or similar issues presented here might produce inconsistent rulings, would waste judicial resources, and could "disrupt[] the issuing court's management of the underlying litigation," Fed. R. Civ. P. 45(f) Advisory Committee Note (2013). These factors together—any one of which would be sufficient alone—support transfer of the Motion to Compel to the Mississippi Court.

## II. Transfer Would Not Unduly Burden the DC Subpoenaed Parties

Transfer would not unduly burden the DC Subpoenaed Parties. The MPAA is a trade organization that has members located around the country, the Digital Citizens Alliance is a nonprofit organization apparently funded by the movie industry with ties to the MPAA, and Jenner is a national law firm. Jenner, which has routinely communicated with AG Hood in Mississippi, represents itself, the MPAA, *and* the NY Subpoenaed Parties, and has already sent its own and its clients' documents to AG Hood in Mississippi for his review in connection with Google's subpoenas. Clearly, Mississippi is a familiar jurisdiction for Jenner. For its part, the DCA has already appeared in the Mississippi action, where it is represented by the same firm,

Massey & Gail LLP, that represents it here. MS Dkt. 43 (*pro hac* application of Jonathan Massey).

Because transfer does not change the location of compliance, burdens related to the actual production of materials have no bearing on the analysis. *See Agincourt Gaming, LLC*, 2014 U.S. Dist. LEXIS 114348, at *21 ("[The non-party] fails to explain—and the Court fails to discern— why the burden of reviewing, assembling, and producing documents is any different depending on which court issues an order for it to do so."). Nor "can the fact that the subpoenaed party and its counsel are (unsurprisingly) located in the district where compliance is required and not in the issuing district weigh decisively against transfer to the issuing court in the face of other exceptional circumstances favoring transfer." *Chem-Aqua, Inc.*, 2014 U.S. Dist. LEXIS 80630, at *10. This is particularly so when the non-party is a national entity represented by sophisticated counsel. *See Judicial Watch, Inc.*, 2014 U.S. Dist. LEXIS 140784, at *11 ("Given the Petitioner's national reach and familiarity with litigation in courts outside this jurisdiction, the general interest in protecting local nonparties by requiring local resolution of subpoena-related disputes is significantly reduced."); *Agincourt Gaming, LLC*, 2014 U.S. Dist. LEXIS 114348, at *21; *In re Subpoena to Kia Motors Am., Inc.*, SACV 14-315 JLS (RNBx), 2014 U.S. Dist. LEXIS 72827, at *2 (C.D. Cal. Mar. 6, 2014).[9] And "absent unusual circumstances, the cost of litigation alone does not constitute an unfair burden." *Agincourt Gaming, LLC*, 2014 U.S. Dist. LEXIS 114348, at *20 (citing *Moon Mt. Farms, LLC*, 301 F.R.D. at 430).

The DC Subpoenaed Parties actively inserted themselves into Mississippi's affairs for years to influence the conduct of AG Hood. *See* Mot, to Compel at 4-7. They can hardly

---

[9] Rule 45 also allows any attorney authorized to practice in the compliance court to appear in the issuing court, obviating the need for local counsel. Fed. R. Civ. P. 45(f) Advisory Committee Note (2013). And the Advisory Committee notes encourage the issuing court to permit telephonic appearances, a practice Judge Wingate already has in place. *Id; see, e.g.*, MS Dkt. (April 6, 2015 and May 19, 2015 Minutes Entry for proceedings held before District Judge Henry T. Wingate conducted by telephone).

complain now that it would be a burden to conduct a hearing in Mississippi before the same judge who is evaluating the propriety of that conduct.  As such, the exceptional circumstances identified above outweigh any possible burden, and Google's Motions to Compel should be transferred to the Mississippi Court.

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court transfer the Motions to Compel to the Southern District of Mississippi at the earliest possible date for further proceedings.

Dated: June 4, 2015                                              Respectfully submitted,


                                                 WILSON SONSINI GOODRICH & ROSATI
                                                 Professional Corporation


By: *s/ Veronica S. Ascarrunz*
     Veronica S. Ascarrunz (D.C. Bar No. 494474)
     1700 K Street, NW
     Fifth Floor
     Washington, DC 20006
     Email: vascarrunz@wsgr.com
     Phone: (202) 973-8800
     Fax: (202) 973-8899


     David H. Kramer (*pro hac vice* forthcoming)
     Michael H. Rubin (*pro hac vice* forthcoming)
     WILSON SONSINI GOODRICH & ROSATI PC
     650 Page Mill Road
     Palo Alto, CA 94304
     Email: dkramer@wsgr.com
     Email: mrubin@wsgr.com
     Phone: (650) 496-9300
     Fax: (650) 493-6811

     *Attorneys for Petitioner*
     GOOGLE INC.