Attachment 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GOOGLE INC. | ) | |
|           Petitioner, | ) | |
| | ) | **CASE NO.:** 1:15-mc-00707-JEB-DAR |
|     v. | ) | |
| | ) | **CASE IN OTHER COURT:** |
| | ) | No. 3:14-cv-00981-HTW-LRA (S.D. Miss.) |
| DIGITAL CITIZENS ALLIANCE, | ) | |
| MOTION PICTURE ASSOCIATION OF | ) | |
| AMERICA, INC., and | ) | |
| JENNER & BLOCK LLP | ) | |
|           Respondents. | ) | |
| | ) | |

## SECOND SUPPLEMENTAL DECLARATION OF MICHAEL H. RUBIN
## IN SUPPORT OF GOOGLE INC.'S RULE 45(F) MOTION
## TO TRANSFER

I, MICHAEL H. RUBIN, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am a partner with the law firm Wilson Sonsini Goodrich & Rosati, attorneys for Petitioner Google Inc. ("Google"). I submit this affidavit to supplement the affidavit I submitted on June 1, 2015, in further support of Google's Federal Rule of Civil Procedure 45(f) Motion to Transfer against the law firm of Jenner & Block ("Jenner"), the Motion Picture Association of America, Inc. ("MPAA"), and the Digital Citizens' Alliance ("DCA") (collectively, the "Subpoenaed Parties"). The following facts are true of my personal knowledge and if called and sworn as a witness I could competently testify to them.

2.      As explained in my prior declarations in this matter, along with others at my firm, I have been involved with Google's efforts to obtain discovery from third parties to support its claims against Mississippi Attorney General Jim Hood ("AG Hood") in *Google Inc. v. Hood* (3:14-cv-00981-HTW-LRA, S.D. Miss.) ("*Google Inc. v. Hood*").

**Meet and Confer Process**

3.      On May 11, 2015, I met and conferred by phone with Christopher Tompkins,

Norman Hirsch, and David Handzo of Jenner regarding Jenner's objections to the March 12,

2015 subpoena served by Google. During this call, in response to our questions about the bases

for their privilege objections to the subpoena, they refused to provide specific support.  They

instead insisted that their position on privilege depended on seeing a ruling from Judge Wingate

on Google's Motion to Compel in the *Google Inc. v. Hood* litigation in Mississippi. They said

that they would advise us on their position soon after the ruling issued.

4.      On May 13, 2015, I met and conferred by phone with Jeremy Creelan and Micah

Cogen of Jenner regarding the MPAA's objections to the March 12, 2015 subpoena served by

Google. During this call, in response to our questions about bases for the MPAA's privilege

objections to the subpoena, Creelan said the MPAA was waiting for Judge Wingate to rule on

Google's Motion to Compel in the *Google Inc. v. Hood* litigation in Mississippi. He said that

once that ruling came down the MPAA would take a position on privilege.

**Jenner's June 12 Production**

5.      On June 12, 2015, 11 days after Google filed its Motion to Compel, Jenner

produced 295 documents to Google in response to Google's subpoena.

6.      During the meet and confer process, Jenner stated that it would not produce

documents without a protective order being in place. Google was clear that it would not agree to

a protective order absent a showing that one was called for, and Jenner did not make that

showing.  Even though no protective order had issued, Jenner produced a small set of documents.

In connection with its production, Jenner purported to impose conditions on the use of the

documents, including by labeling them "confidential."  I advised Jenner counsel that, as I had

told them during the parties' meet-and-confer, Google had not agreed to be bound by those

conditions and would not abide by them.  I received no response to that communication.

7.      Jenner's June 12 production is Bates Numbered JB_00000001 through

JB_00000629.  These documents consist of email communications that included AG Hood or his

staff and a Jenner custodian, as well as documents attached to those emails (some of which

Jenner says it withheld at the request of AG Hood).

      a.      Attached hereto as Exhibit 1 is a true and correct copy of a February 21, 2014

           email exchange between Blake Bee of AG Hood's office, Melanie Webb of

           AG Hood's office, and Brian Cohen of the MPAA that was produced by

           Jenner and Bates Numbered JB_00000330-32.

      b.      Attached hereto as Exhibit 2 is a true and correct copy of a January 17, 2014

           email exchange between Rob McKenna of Orrick, Tom Perrelli of Jenner,

           Mary Jo Wood of AG Hood's office and others that was produced by Jenner

           and Bates Numbered JB_00000198-99.

### The MPAA's June 22 Production

8.      Despite committing to produce documents by June 3, the MPAA did not produce

any documents until June 22, 2015, the same day as the deadline for Google's reply to the

MPAA's opposition brief.

9.      In a June 15, 2015 message in which the MPAA indicated that it was prepared to

produce a limited set of documents, it expressly made the production contingent upon Google's

agreement to "treat such documents as Confidential pending the resolution of Google's motion to

compel and MPAA's request for a protective order in this matter," such that the documents "not

be disclosed publicly or used in any respect for any purpose outside of this litigation."

10.     On June 16, I responded that Google would agree to those conditions so that the production would commence, notwithstanding Google's disagreement with their position.

11.     After our team began its review of the MPAA's production, I informed the MPAA in a June 26 letter that Google did not believe that the documents were entitled to confidential treatment. Given the documents' relevance to the question of transfer, I asked the MPAA to withdraw by noon Eastern on June 29 its request for confidential treatment over 13 specific documents. A true and correct copy of that June 26 letter is attached hereto as Exhibit 3. I also asked that the MPAA meet and confer to substantiate or to withdraw other designations on a broader basis.

12.     On June 27, I supplemented that list with a letter listing additional documents. A true and correct copy of that June 27 letter is attached hereto as Exhibit 4.

13.     On June 29, and well after the noon Eastern deadline had passed, the MPAA responded by letter withdrawing their confidentiality designations as to the documents identified in Google's June 26 and June 27 letters.

14.     The MPAA's June 22 production is Bates Numbered MPAA00000001 through MPAA00003095.  These documents consist of email communications that included AG Hood or his staff and a MPAA custodian, as well as documents attached to those emails (some of which the MPAA says it withheld at the request of AG Hood).

    a.     Attached hereto as Exhibit 5 is a true and correct copy of a September 26, 2013 email exchange between Melanie Webb and Brian Cohen that was produced by the MPAA and Bates Numbered MPAA00001536-38.

b.      Attached hereto as Exhibit 6 is a true and correct copy of a May 3, 2013 email exchange between Melanie Webb and Brian Cohen that was produced by the MPAA and Bates Numbered MPAA00000520-21.

c.      Attached hereto as Exhibit 7 is a true and correct copy of a November 12, 2013 email exchange between AG Hood and Carlin Scrudato that was produced by the MPAA and Bates Numbered MPAA00002371-73.

d.      Attached hereto as Exhibit 8 is a true and correct copy of a May 1, 2013 email exchange between Melanie Webb and Brian Cohen that was produced by the MPAA and Bates Numbered MPAA00000509-16.

e.      Attached hereto as Exhibit 9 is a true and correct copy of a June 18, 2013 email exchange between Blake Bee and Brian Cohen that was produced by the MPAA and Bates Numbered MPAA00001141-42.

f.      Attached hereto as Exhibit 10 is a true and correct copy of a June 18, 2013 email exchange between Jan Schaefer of AG Hood's office, Blake Bee, Brian Cohen and Steve Danon that was produced by the MPAA and Bates Numbered MPAA00001115. Due to an apparent error in the MPAA's production, the image file does not contain the complete email exchange. The extracted full text of the exchange, also produced by the MPAA, is appended.

g.      Attached hereto as Exhibit 11 is a true and correct copy of a May 23, 2013 email exchange between Blake Bee, Jan Schaefer and Brian Cohen that was produced by the MPAA and Bates Numbered MPAA00000564-65.

h.      Attached hereto as Exhibit 12 is a true and correct copy of a December 29, 2013 email exchange between Blake Bee and Brian Cohen that was produced by the MPAA and Bates Numbered MPAA00001606.

i.      Attached hereto as Exhibit 13 is a true and correct copy of a April 19, 2012 email exchange between Meredith Aldridge of AG Hood's office and Brian Cohen that was produced by the MPAA and Bates Numbered MPAA00000075.

j.      Attached hereto as Exhibit 14 is a true and correct copy of a December 1, 2013 email sent from Vans Stevenson of the MPAA to AG Hood that was produced by the MPAA and Bates Numbered MPAA00002409.

k.      Attached hereto as Exhibit 15 is a true and correct copy of a January 4, 2013 email exchange between Vans Stevenson, Brian Cohen and Meredith Aldridge that was produced by the MPAA and Bates Numbered MPAA00000339-42.

l.      Attached hereto as Exhibit 16 is a true and correct copy of an April 18, 2013 email exchange between Brian Cohen and Melanie Webb that was produced by the MPAA and Bates Numbered MPAA00000481-87.

m.      Attached hereto as Exhibit 17 is a true and correct copy of a November 25, 2013 email exchange between Brian Cohen and AG Hood that was produced by the MPAA and Bates Numbered MPAA00001576-77.

n.      Attached hereto as Exhibit 18 is a true and correct copy of a February 7, 2014 email exchange between Brian Cohen and Melanie Webb that was produced by the MPAA and Bates Numbered MPAA00001680-84.

* * *

15.     To date, the DCA has produced no documents to Google.

16.     In the underlying litigation in Mississippi, AG Hood has produced a number of documents in response to requests by Google. AG Hood's production included two separate privilege logs.

     a.     A true and correct copy of the privilege log accompanying AG Hood's April 15, 2015 production is attached hereto as Exhibit 19.

     b.     A true and correct copy of the privilege log accompanying AG Hood's April 28, 2015 production is attached hereto as Exhibit 20.

*****

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.  Executed on June 29, 2015 in San Francisco, California.

_____

Michael H. Rubin