1

F7aWgooC

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   GOOGLE INC.,

4                   Petitioner,

5          v.                           15 MC 150

6

    TWENTY-FIRST CENTURY FOX,
7   INC., et al.,

8

                    Respondents.
9   ------------------------------x
10                                      New York, N.Y.
                                        July 10, 2015
11                                      2:45 p.m.

12  Before:

13                      HON. EDGARDO RAMOS,

14                                      District Judge

15                          APPEARANCES
16
    WILSON, SONSINI, GOODRICH & ROSATI, P.C.
17        Attorneys for Petitioner
    BY:  MICHAEL H. RUBIN, Esq.
18
    JENNER & BLOCK, LLP
19        Attorneys for Respondents
    BY:  DAVID A. HANDZO, Esq.
20

21

22

23

24

25

                    SOUTHERN DISTRICT REPORTERS, P.C.
                          (212) 805-0300

F7aWgooC

1      at undue burden.  There has been no claim of undue burden here.

2      There's been an acknowledgement that perhaps it might be a

3      little bit of a greater burden to go to Mississippi.  That is

4      not undue burden, and it certainly doesn't outweigh the

5      exceptional circumstances here.

6                In light of that, we ask the Court to transfer the

7      motions to compel to Mississippi.  Thank you, your Honor.

8                THE COURT:  I want to give you a decision this

9      afternoon, so give me 15, 20 minutes.

10               MR. RUBIN:  Thank you, your Honor.

11               MR. HANDZO:  Thank you, your Honor.

12               (Recess)

13               THE COURT:  First of all, I want to thank counsel.

14     Both the papers and the oral argument today were very, very

15     good.  It was very helpful.

16               I think that this is an extremely close case, and I

17     think that reasonable minds can disagree.  However, at the end

18     of the day, I find that this case is not one of those rarest of

19     cases that will require me to transfer the case to Judge

20     Wingate, and accordingly, the motion to transfer will be

21     denied.

22               This hearing concerns a motion by Google Inc. to

23     transfer a motion to compel filed in this court on June 1,

24     2015, to the United States District Court for the Southern

25     District of Mississippi, where it has sued Mississippi Attorney

F7aWgooC

```
1    General Jim Hood.  The motion to compel seeks to enforce three

2    identical subpoenas that Google served upon third parties,

3    Twenty-First Century Fox, NBC Universal Media, and Viacom,

4    which will be collectively referred to as the New York

5    subpoenaed parties.  Google argues that it's motion to compel

6    should be transferred under Rule 45(f) of the Federal Rules of

7    Civil Procedure because of exceptional circumstances, including

8    the interests of judicial efficiency and comity and the risk of

9    inconsistent rulings from the several jurisdictions where it

10   has served subpoenas and filed motions to compel in this

11   litigation.  Specifically, Google claims that the same issues

12   presented in its motion to compel in this court have been

13   raised in a motion to compel filed against Attorney General

14   Hood in the Mississippi court, as well as a separate motion to

15   compel filed in the District of Columbia against the Motion

16   Picture Association of America, the MPAA, Jenner & Block LLP,

17   and the Digital Citizens Alliance, which will be collectively

18   referred to as the D.C. subpoenaed parties.

19        By way of relevant background, in December 2014,

20   Google filed suit against Attorney General Hood in the

21   Mississippi court, alleging that he had improperly pressured

22   Google for two years by repeatedly demanding that it remove

23   online content that he and a group of powerful special

24   interests, including the New York subpoenaed parties, deemed

25   objectionable and threatening Google with civil investigative
```

F7aWgooC

1    demands if it refused to comply.  In particular, Google

2    emphasized a 79-page CID that Hood issued to Google in October

3    2014, which Google maintains was drafted by lobbyists for the

4    New York subpoenaed parties.  The New York subpoenaed parties

5    tell the story differently, stating that Attorney General Hood

6    served the CID only after "years of unfruitful efforts to work

7    with Google to address consumer protection concerns regarding a

8    range of unlawful activities that occurred through the use of

9    Google's services," and I am there citing to respondent's

10   memorandum of law in opposition to the motion to transfer, at

11   page 2.

12         On March 2, 2015, after reviewing substantial

13   evidentiary submissions, the Mississippi court, Judge Henry T.

14   Wingate, held that there was significant evidence to support

15   Google's contention that Hood had issued the October 2014 CID

16   in bad faith and with retaliatory intent, and that there was a

17   substantial likelihood that Google would prevail on its First

18   and Fourth Amendment claims against him.  Hence, the court

19   granted Google's restraining order and preliminary injunction,

20   thereby enjoining Hood from enforcing the October 2014 CID,

21   filing charges against Google, or taking any further action

22   against Google pending a final decision on its "substantially

23   meritorious" claims against Hood.  In addition, the Mississippi

24   court ordered an expedited discovery schedule, providing for a

25   limited discovery period followed by summary judgment briefing

55

F7aWgooC

1    and trial.

2         Subsequently, Google moved to compel production of

3    numerous documents by Attorney General Hood.  According to

4    Google, Hood has responded by asserting dubious work product

5    and attorney-client privilege objections over a wide range of

6    materials, including documents sent back and forth between the

7    New York subpoenaed parties, the D.C. subpoenaed parties, and

8    Hood.  The Mississippi court heard oral argument on the motion

9    to compel May 19, 2015, and is expected to issue a decision

10   shortly.

11        After the opening of third-party discovery in the

12   Mississippi action, Google served document subpoenas on the New

13   York subpoenaed parties and D.C. subpoenaed parties.  Google

14   alleges that the New York and D.C. subpoenaed parties have

15   resisted complying with those subpoenas and raised objections,

16   resulting in an impasse, based on relevance, privilege, and

17   interpretations of the Mississippi court's orders.  On June 1,

18   2015, Google filed motions to compel against the New York and

19   D.C. subpoenaed parties, here and in the district court for the

20   District of Columbia respectively, in light of this impasse and

21   of the Mississippi court's abridged discovery timeline.

22   According to Google, the three motions to compel raise similar,

23   and in some instances identical, issues.  But the subpoenaed

24   parties argue that the three motions raise substantially

25   different issues because the subpoenas contain different

56

F7aWgooC

1    requests.  On June 2, the New York subpoenaed parties produced

2    numerous agreed-upon documents, mooting a portion of Google's

3    motion to compel.  On June 4, 2015, Google filed motions to

4    transfer its motions to compel from the District of Columbia

5    and this court to the Mississippi court.

6              With respect to the legal standard, pursuant to Rule

7    45(f) of the Federal Rules of Civil Procedure, when a court

8    where compliance with a subpoena is required, finds

9    "exceptional circumstances," it may transfer a motion related

10   to that subpoena to the issuing court.  When contemplating a

11   motion to transfer, courts balance those factors weighing in

12   favor of transfer against any potential burden to the nonparty

13   subpoena recipient by virtue of having compliance issues

14   decided by the issuing court, citing Judicial Watch, Inc. v.

15   Valle Del Sol, Inc., No. 13 Misc. 0538, reported at 2014 WL

16   4954368, at *3, an opinion of the District of D.C. from October

17   2014.  The advisory notes to Rule 45(f) explain:

18             "The proponent of the transfer bears the burden of

19   showing that such circumstances are present.  The prime concern

20   should be avoiding burdens on local nonparties subject to

21   subpoenas, and it should not be assumed that the issuing court

22   is in a superior position to resolve subpoena-related motions.

23   In some circumstances, however, transfer may be warranted in

24   order to avoid disrupting the issuing court's management of the

25   underlying litigation, as when that court has already ruled on

57

F7aWgooC

1    issues presented by the motion or the same issues are likely to

2    arise in discovery in many districts.  Transfer is appropriate

3    only if such interests outweigh the interests of the nonparty

4    served with the subpoena in obtaining local resolution of the

5    motion.  Judges in compliance districts may find it helpful to

6    consult with the judge in the issuing court presiding over the

7    underlying case while addressing subpoena-related motions.

8        "If the motion is transferred, judges are encouraged

9    to permit telecommunication methods to minimize the burden a

10   transfer imposes on nonparties, if it is necessary for

11   attorneys admitted in the court where the motion is made to

12   appear in the court in which the action is pending.  The rule

13   provides that if these attorneys are authorized to practice in

14   the court where the motion is made, they may file papers and

15   appear in the court in which the action is pending in relation

16   to the motion as officers of the court," citing the advisory

17   committee notes to Rule 45(f), from 2013.

18       Additionally, a number of courts have found

19   exceptional circumstances supporting a motion to transfer where

20   the granting of transfer would serve the interests of judicial

21   efficiency and comity, citing FDIC v. Everest Reinsurance

22   Holdings, Inc., cited at 2014 WL 260589, a case from the

23   Southern District of New York, January 2014, and mitigate the

24   risk of inconsistent rulings, citing Judicial Agincourt Gaming

25   LLC v. Zynga, Inc., reported at 2014 U.S. Dist. Lexis 114348

58

F7aWgooC

1   from the District of Nevada in August 2014; but see Woods ex

2   rel. U.S. v. Southern Care, Inc., reported at 303 F.R.D., 405,

3   408-09, a case from the Northern District of Alabama, 2014,

4   which held that the committee notes do not cite judicial

5   efficiency as a basis for transfer and only identify resolution

6   of the motion as disruptive of the underlying litigation if the

7   issuing court has already ruled on the issues, not if it might

8   or will rule on them in the future.

9           The court considering transfer cannot assume that the

10  issuing court is in a superior position to resolve

11  subpoena-related motions and must instead consider a series of

12  facts pertaining to the underlying litigation, such as the

13  complexity, procedural posture, duration of pendency, and the

14  nature of the issues before, or already resolved by, the

15  issuing court.  For example, in a factually intricate case that

16  has been pending before the issuing court for years, the

17  argument for transfer will be stronger than in a simple case

18  where the issuing court has had little opportunity to resolve

19  discovery disputes and explore any attendant issues, citing

20  Federal Home Loan Mortgage Corp. v. Deloitte & Touche, reported

21  at 2015 WL 3413540, at *3, a case from the District of D.C.,

22  May 2015, noting that the highly complex nature of the

23  underlying action, when weighed against the minimal burden to

24  the subpoenaed parties, supported transfer.  There was no

25  persuasive argument or no argument that this case was factually

59

F7aWgooC

1   intricate or that it had been pending before the issuing court

2   for years.

3          Google describes this as a model case for a Rule 45(f)

4   transfer and argues that transfer would promote judicial

5   efficiency and comity, avoid inconsistent rulings and only

6   minimally burden the New York subpoenaed parties.

7   Specifically, Google maintains that the questions of relevance

8   and privilege at issue in the instant motion to compel will

9   turn in part on interpretation of the Mississippi court's

10  discovery orders; that asking any court besides the Mississippi

11  court to rule on the issues presented by the motions to compel

12  would risk inconsistent rulings, waste judicial resources and

13  potentially undermine the Mississippi court's ability to manage

14  the underlying litigation; and that sophisticated parties like

15  the New York subpoenaed parties can litigate a single motion in

16  a distant jurisdiction without facing any significant burden.

17  As courts have interpreted Rule 45(f), Google, as I indicated

18  earlier, does make a very strong case for transfer.

19         Indeed, since the 2013 amendments to Rule 45, which

20  introduced subsection 45(f), many courts have transferred

21  subpoena-related motions where an issuing court is already

22  considering related issues in a pending motion to compel.

23         Here, both the Mississippi court and the District of

24  Columbia court are considering motions to compel in this case,

25  but neither has ruled.  If those motions do in fact raise

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

F7aWgooC

```
 1   similar issues, transfer would be appropriate to help avoid
 2   inconsistent outcomes while promoting judicial economy.  Google
 3   asserts that the motions all raise the same relevance,
 4   privilege, and burden issues.  Google further contends that the
 5   Mississippi court possesses superior familiarity with the
 6   underlying issues and is thus in a better position to assess
 7   the relevance of the documents requested by any other court.
 8   Finally, Google observes that the primary basis for the New
 9   York subpoenaed parties' resistance to producing certain
10   documents is their relevance, a fact that reinforces Google's
11   argument for transfer, because the issuing court is better
12   positioned to ascertain the relevance of documents to the
13   underlying litigation.  Although this argument finds support in
14   some cases, the subpoenaed parties correctly observe that if
15   all relevance objections created Rule 45(f) exceptional
16   circumstances, the exception would subsume the rule.
17           Further, the New York subpoenaed parties disagree
18   vociferously with regard to whether or not the instant motion,
19   the D.C. motion, and the Mississippi motion to compel actually
20   implicate similar issues.  The subpoenaed parties argue that
21   there are no privilege issues before this court and that there
22   is no evidentiary or analytical overlap between the Mississippi
23   motion to compel and the motion to compel before this Court.
24   Additionally, they argue that the discovery dispute presented
25   by Google's motion to compel is not complex but rather
```

61

F7aWgooC

1    straightforward, collateral to the issues in the Mississippi

2    action, and poses no risk of interfering in the management of

3    the Mississippi action.

4            Turning to the local parties' burden, an element

5    prioritized by the drafters of Rule 45(f), Google contends that

6    the burden to the New York subpoenaed parties of challenging

7    the motion to compel in the Mississippi court would be minimal

8    in light of (1) their familiarity with the forum, (2) the size

9    and sophistication of their organizations and counsel, and (3),

10   the advisory committee's specific suggestion that issuing

11   courts allow third parties to appear via telecommunications in

12   the event of a transfer.

13           The subpoenaed parties respond that Google's arguments

14   with regard to their experience in the forum and their wealth

15   and sophistication are improper bases for transfer.  They argue

16   that they would be burdened by transfer because they have no

17   offices in Mississippi and because courts have recognized that

18   traveling more than 1,000 miles for litigation in which they

19   are not a party may constitute a significant burden.  However,

20   other courts have found unpersuasive bare-bones arguments about

21   the burdens and costs of litigating in a distant jurisdiction.

22   For example, in Chem-Aqua, Inc. v. Nalco, a court in the

23   Northern District of Texas observed that no transfer would be

24   permissible, despite Rule 45(f)'s understanding that such

25   transfers are sometimes necessary, if the costs were always

62

F7aWgooC

1    considered to present an undue burden.  The court observed that

2    the fact that the subpoenaed party and its counsel are

3    unsurprisingly located in the district where compliance is

4    required and not in the issuing district cannot weigh

5    decisively against transfer of the issuing court in the face of

6    other exceptional circumstances favoring transfer, 2014 WL

7    2645999.

8             In fact, this case, as I indicated, is close and on

9    the whole, I believe that Google has the better of the undue

10   burden argument.  However, we don't get to that argument unless

11   and until Google is able to establish exceptional

12   circumstances.

13            Ultimately, Rule 45(f) transfers appear to be highly

14   fact-specific and discretionary determinations by the court in

15   which compliance is required.  On these facts, in light of the

16   subpoenas and motions to compel pending in at least three

17   judicial districts, the Mississippi court's greater familiarity

18   with the underlying litigation, and the minimal burden faced by

19   the New York subpoenaed parties, there is a compelling

20   argument, rooted in the persuasive, although not binding,

21   decisions in other courts, to find that exceptional

22   circumstances required by Rule 45 may be present here.

23   However, it has been observed that a district court where

24   compliance is required should rule on a motion to compel in all

25   but the rarest cases, rendering it vital to inquire further, as

63

F7aWgooC

1   we did this afternoon, of the parties concerning the applicable

2   relevancy issues that were existing and determining that the

3   overlap of those issues is not as compelling as Google would

4   suggest.

5           Accordingly, it is the finding of the Court that the

6   motion to transfer is denied and the motion to compel will

7   proceed before the part 1 judge, whom I believe will be Judge

8   Abrams, so any further scheduling should be done through her

9   chambers.

10          There being nothing further, we are adjourned.

11   Gentlemen, again, I thank you very, very much for your

12   advocacy.

13          MR. RUBIN:  Thank you, your Honor.

14          MR. HANDZO:  Thank you, your Honor.

15          (Adjourned)

16

17

18

19

20

21

22

23

24

25