IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOOGLE, INC.,<br><br>        *Petitioner,*<br><br>v.<br><br>DIGITAL CITIZENS ALLIANCE, ET AL.,<br><br>        *Respondents.* | Case No. 15-mc-707-JEB-DAR<br><br>Case in Other Court:<br>No. 3:14-cv-981-HTW-LRA (S.D. Miss.)<br><br>Judge James E. Boasberg<br><br>Magistrate Judge Deborah A. Robinson |

## REPLY TO GOOGLE'S RESPONSE TO THE MPAA'S AND JENNER'S NOTICE OF SUPPLEMENTAL AUTHORITY

On July 13, the MPAA and Jenner notified the Court that in a related action in the Southern District of New York, Judge Ramos denied a motion to transfer similar proceedings. Because Google's response to that notification contains misleading assertions, MPAA respectfully submits this brief reply to correct two points.

First, contrary to Google's suggestion, the nature of the documents at issue in this subpoena do not present "substantially greater" risk of overlapping or conflicting orders than those at issue in New York. Here and in New York alike, the documents at issue are those Attorney General Hood did not receive and never saw. In Mississippi, on the contrary, the documents at issue are those in Attorney General Hood's possession, which include documents exchanged with the subpoenaed parties. As to the latter category of documents, MPAA and Jenner have raised neither relevance nor privilege objections and have already produced most of them. MPAA and Jenner withheld a handful of such documents only because General Hood – not the MPAA or Jenner – raised certain privilege claims that the Mississippi court has under advisement. A ruling on Google's motion to compel against the subpoenaed parties here would

not require the Court to consider those privilege issues, because the subpoenaed parties are not making them and the fate of General Hood's claims is *already* being decided in Mississippi. When Judge Wingate decides Attorney General Hood's privilege assertion, that will decide the matter and MPAA and Jenner will either produce the handful of documents withheld or not, in accordance with that ruling. Either way, neither this Court nor the New York court is being asked to make any decision that would conflict with the decision of the Mississippi court, and no difference between the New York litigation and this litigation counsels towards transfer.

Finally, Google is wrong that "Judge Ramos did not have the decisions of his sister courts to guide his ruling." The cases that Google cites now and in its transfer brief are the same cases that Google cited in the New York matter. They were distinguishable in New York, did not dictate a transfer there, and do not dictate a transfer here.

Dated: July 14, 2015                                Respectfully submitted,

                                                    /s/ David A. Handzo
                                                    David A. Handzo (D.C. Bar No. 384023)
                                                    JENNER & BLOCK LLP
                                                    1099 New York Avenue NW, Ste. 900
                                                    Washington, DC 20001
                                                    Tel. (202) 639-6000
                                                    Fax (202) 639-6060
                                                    dhandzo@jenner.com

                                                    *Counsel for Respondents Motion Picture Association of America, Inc. and Jenner & Block LLP*

2

Jeremy Creelan
JENNER & BLOCK LLP
919 Third Avenue
New York, NY 10002-3908
Tel. (212) 891-1600
Fax (212) 891-1699
jcreelan@jenner.com

*Counsel for Respondent Motion Picture Association of America, Inc.*

Norman Hirsch
Christopher Tompkins
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654
Tel. (312) 222-9350
Fax (312) 527-0484
nhirsch@jenner.com
ctompkins@jenner.com

*Counsel for Respondent Jenner & Block LLP*

| | |
|---|---|
| GOOGLE, INC.,<br><br>    *Petitioner,*<br><br>v.<br><br>DIGITIAL CITIZENS ALLIANCE, ET AL.,<br><br>    *Respondents.* | Case No. 15-mc-707-JEB-DAR<br><br>Case in Other Court:<br>No. 3:14-cv-981-HTW-LRA (S.D. Miss.)<br><br>Judge James E. Boasberg<br><br>Magistrate Judge Deborah A. Robinson |

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2015, a true and correct copy of the foregoing:

**REPLY TO GOOGLE'S RESPONSE TO THE MPAA'S AND JENNER'S NOTICE OF SUPPLEMENTAL AUTHORITY**

was filed via electronic court notification with the Clerk's office and served on all counsel of record as indicated below:

Veronica S. Ascarrunz　　　　　　　　　　☐ Via Hand Delivery
WILSON SONSINI GOODRICH & ROSATI　　☒ Via Electronic Court Notification
1700 K Street, NW, Fifth Floor　　　　　　☐ Via U.S. Mail
Washington, DC 20006

David M. Kramer　　　　　　　　　　　　☐ Via Hand Delivery
Michael H. Rubin　　　　　　　　　　　　☒ Via Electronic Court Notification
WILSON SONSINI GOODRICH & ROSATI　　☐ Via U.S. Mail
650 Page Mill Road
Palo Alto, CA 94304
*Counsel for Google, Inc.*

Eli Kay-Oliphant　　　　　　　　　　　　☐ Via Hand Delivery
Jonathan Standish Massey　　　　　　　　☒ Via Electronic Court Notification
MASSEY & GAIL LLP　　　　　　　　　　☐ Via U.S. Mail
50 East Washington Street
Chicago, IL 60602
ekay-oliphant@masseygail.com
*Counsel for Digital Citizens Alliance*

　　　　　　　　　　　　　　　　　　　　/s/Micah J. Cogen
　　　　　　　　　　　　　　　　　　　　Micah J. Cogen