UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOOGLE, INC.<br><br>        Plaintiff,<br><br>  v.<br><br>DIGITAL CITIZENS ALLIANCE, et al.<br><br>        Defendants. | Miscellaneous Action No. 15-00707<br>JEB/DAR |

**MEMORANDUM OPINION**

Before the Court is Google Inc.'s ("Google") Rule 45(f) Motion to Transfer its Motions to Compel Document Production by Digital Citizens Alliance ("DCA"), Jenner & Block ("Jenner"), and Motion Picture Association of America ("MPAA") to the United States District Court for the Southern District of Mississippi where Google's underlying case is pending. Google Inc.'s Rule 45(f) Motion to Transfer (Doc. No. 9); *see also* Memorandum of the MPAA and Jenner & Block Opposing Petitioner Google Inc.'s Rule 45 Motion to Transfer ("MPAA and Jenner Opp'n") (Doc. No. 22); Non-Party Digital Citizens Alliance's Memorandum of Points and Authorities in Opposition to Google Inc.'s Rule 45(f) Motion to Transfer ("DCA Opp'n") (Doc. No. 23); Google Inc.'s Reply in Support of Rule 45(f) Motion to Transfer ("Pet'r's Reply") (Doc. No. 26); Notice of Supplemental Authority in Further Support of the Memorandum of MPAA and Jenner & Block Opposing Petitioner Google Inc.'s Rule 45 Motion to Transfer ("MPAA and Jenner Suppl. Auth.") (Doc. No. 28); Google Inc.'s Response to the MPAA and Jenner & Block's Notice of Supplemental Authority ("Pet'r's Resp.") (Doc. No. 29);

Reply to Google's Response to the MPAA's and Jenner's Notice of Supplemental Authority (Doc. No. 30); Google's Response to the MPAA and Jenner's Further Statement in Support of Their Notice of Supplemental Authority (Doc. No. 31); Notice of Supplemental Authority in Further Support of Google Inc.'s Rule 45(f) Motion to Transfer (Doc. No. 32); Transcript of Motion Hearing ("Tr.") (Doc. No. 33); Notice of Supplemental Authority in Further Support of Google Inc.'s Rule 45(f) Motion to Transfer ("Pet'r's Suppl. Auth.") (Doc. No. 34).

Upon consideration of the motion, the oppositions and replies thereto, the arguments made at the motion hearing on July 8, 2015, and the notices of supplemental authority provided by the parties, the Court will grant Google's Motion to Transfer.

**BACKGROUND**

Google filed the underlying action against Mississippi Attorney General Jim Hood (AG Hood) in the United States District Court for the Southern District of Mississippi following a dispute with respect to the removal of certain online content. *See* Memorandum of Points and Authorities in Support of Google Inc.'s Rule 45(f) Motion to Transfer ("Pet'r's Mem.") (Doc. No. 9) at 2-3. Leading up to the suit, AG Hood had requested Google to remove objectionable content from its online services, and upon Google's refusal, later served Google with a seventy-nine-page Civil Investigative Demand ("CID"). *Id.* On March 2, 2015, the Honorable Henry T. Wingate, the United States District Judge to whom this action is assigned, issued a preliminary injunction blocking AG Hood from enforcing his CID against Google, finding significant evidence suggesting bad faith and retaliatory motives by AG Hood. *Id.* at 3. Judge Wingate currently has under advisement a motion to compel filed by Google involving certain documents also covered by the three subpoenas *duces tecum* at issue in the present case. *Id.* AG Hood is

claiming work product and attorney-client privilege regarding certain subpoenaed documents. *Id.*

The instant matter concerns third-party subpoenas which Google served on DCA, Jenner, and MPAA seeking documents pertaining to the underlying action against AG Hood. Google alleges that MPAA, along with its attorneys at Jenner, lobbied AG Hood and directly assisted in preparing the CID served on Google. *See* Pet'r's Mem. 11. Google further alleges that DCA hired Mike Moore, a Mississippi lawyer, to work with AG Hood regarding actions against Google. *See* Pet'r's Reply 13.

On April 10, Judge Wingate issued an order clarifying the disputed discovery timeline for nonparties, but as of now, it does not appear that Respondents have actually furnished any of the subpoenaed documents. *See* Pet'r's Mem. 4. The Respondents have agreed to release their direct communications with AG Hood, but MPAA and Jenner are withholding those documents pending a ruling from Judge Wingate as to AG Hood's privilege claims regarding the same documents. *See* MPAA and Jenner Opp'n 2-3; Tr. at 32, 61-62. The Respondents claim that all other requested documents are irrelevant or privileged. *See* MPAA and Jenner Opp'n 2, 5; DCA Opp'n 6-7.

**STATUTORY FRAMEWORK**

Federal Rule of Civil Procedure 45(f), amended in 2013, provides for the transfer of subpoena-related motions from the court where compliance is required to the court where the underlying action is pending where "the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). While the rule does not explicitly define "exceptional circumstances," the advisory committee notes state that a "prime concern" is to

"avoid burdens on local nonparties subject to subpoenas." Fed. R. Civ. P. 45(f), Advisory Committee Notes (2013 Amendment). In some circumstances, transfer may be warranted "in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *Id.* In order to alleviate any burdens associated with transfer, the rule permits counsel admitted in the compliance court to "file papers and appear on the motion as an officer of the issuing court" and encourages the issuing court to allow telecommunication as needed. *Id.*

**LEGAL ANALYSIS**

*A. Exceptional Circumstances*

Absent the consent of the parties, the Court must find exceptional circumstances in order to transfer the subpoena-related motions to the issuing court. *See* Fed. R. Civ. P. 45(f). When considering if exceptional circumstances are present, the Court must account for the "complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Judicial Watch, Inc. v. Valle Del Sol, Inc.*, No. 14-mc-0538-(BAH), 2014 WL 4954368, at *3 (D.D.C. Oct. 3, 2014); *see, e.g., Fed. Home Loan Mortg. Corp. v. Deloitte & Touche LLP*, No. 15-mc-568 (RMC), 2015 WL 3413540, *3 (D.D.C. May 28, 2015) (finding transfer proper when a case demands a "nuanced legal analysis based on a full understanding of the [u]nderlying [a]ction," not "a mere relevancy determination"); *XY, LLC v. Trans Ova Genetics, L.C.*, No. 1:14-mc-00778 (CRC), 2014 WL 4437728 (D.D.C. Sept. 10, 2014) (transferring where the nonparty was intricately involved with a party to the underlying case and the need for relevance determinations

outweighed the minimal burden on the nonparty); *Wultz v. Bank of China, Ltd.,* 304 F.R.D. 38, 46 (D.D.C. 2014) (finding the issuing court was "in a better position to rule . . . due to her familiarity with the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation").

Courts have recognized that exceptional circumstances exist warranting transfer of subpoena-related motions "when transferring the matter is in 'the interests of judicial economy and avoiding inconsistent results.'" *Wultz*, 304 F.R.D. at 46 (internal citation omitted); *see also Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-cv-0708-RFB-NJK, 2014 U.S. Dist. LEXIS 114348, at *17 (D. Nev. Aug. 15, 2014) (accounting for judicial economy, docket management, and the risk of inconsistent rulings in deciding to transfer motion)*; Fed. Deposit Ins. Co. v. Everest Reinsurance Holdings, Inc.*, 13 Misc. 381 (KPF), 2014 U.S. Dist. LEXIS 8506, at *5-7 (S.D.N.Y Jan. 23, 2014) (concluding that judicial efficiency and comity were principal factors for transferring). *But see Woods ex rel. U.S. v. SouthCare, Inc.*, 303 F.R.D. 405, 408 (N.D. Ala. 2014) (noting that the advisory committee notes do not explicitly cite judicial efficiency as a basis for transfer).

Upon full consideration of the factors outlined above, the Court finds exceptional circumstances exist warranting transfer of the subpoena-related motions. First, the potential of disrupting the management of the underlying case bolsters the argument for transfer. While the Respondents argue that transfer is not warranted because the Mississippi Court has not yet ruled on the exact contentions at issue in the motions to compel, "nothing in the Advisory Committee Note, or subsequent case law, precludes this Court from relying on other aspects of case management, such as impending discovery deadlines and case-specific issues, to transfer a subpoena-related motion." *Deloitte*, 2015 WL 3413540, *3. Discovery in the underlying case

has been set at a "very rapid pace" and is scheduled to end on August 10, 2015. Tr. at 10. Accordingly, not transferring the subpoena-related motions carries with it the potential of interfering with the discovery timeline of the underlying litigation.

Second, contrary to Respondents' contentions, determining the relevance of the contested documents to the underlying case is not straightforward. *See Deloitte*, 2015 WL 3413540, *3 (transferring where "resolution of the motion to compel requires delving into substantive issues in the highly complex underlying litigation"). Other cases have rejected similar reasoning, holding instead that "the relevance argument advanced emphasizes the need for the court where the underlying matter lies to decide the matter." *XY*, 2014 WL 4437728, at *2 (citing *Patriot Nat. Ins. Grp. v. Oriska Ins. Co.*, 973 F. Supp. 2d 173, 175 (N.D.N.Y. 2013)). Additionally, the withholding of certain documents by Respondents pending determinations of privilege by the issuing court underscores that it is better situated to determine what "implications the resolution of the motion[s] will have on the underlying litigation." *See Wultz*, 304 F.R.D. at 46.

Third, transfer is appropriate where "the same issues are likely to arise in discovery in many districts," creating a risk of inconsistent results. Fed. R. Civ. P. 45(f), Advisory Committee's Note (2013 Amendment). In this case, Google filed motions to compel compliance with subpoenas in multiple jurisdictions: three in the Southern District of New York, one in the Northern District of California, and three in the District of Columbia. Pet'r's Mem. 10. The similarity of motions pending in multiple jurisdictions creates the "potential for inconsistent rulings [that] should be avoided and weighs in favor of a single judicial officer deciding all of these disputes." *Wultz*, 304 F.R.D. at 46. The Southern District of New York, in reviewing the

related nonparty subpoenas, also decided to grant Google's Motion to Transfer. Pet'r's Suppl. Auth. at 1.[1]

Relying on the body of law in this jurisdiction, the Court finds that exceptional circumstances exist warranting transfer in this case based on the risk of disrupting the management of the underlying case, the complex relevancy determinations necessary, and the potential for inconsistent results.

### B. *Undue Burden*

Once exceptional circumstances have been found, "transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." Fed. R. Civ. P. 45, Advisory Committee Notes (2013 Amendments). In considering a motion to transfer, "the prime concern should be avoiding burdens on local nonparties subject to subpoenas." *Id*. Stated another way, where a nonparty's national reach or strong connection to the forum reduces their interest in local resolution, the balance more easily weighs in favor of transfer. *See XY*, 2014 WL 4437728, at *2 (finding that where a local nonparty was a national organization, "the presumption in favor of local resolution carried less force" (citing *In re Subpoena to Kia Motors Am., Inc.,* No. SACV 14-315 JLS (RNBx), 2014 WL 2118897, at *1 (C.D. Cal. Mar. 6, 2014))).

In the present case, the Court will analyze MPAA and Jenner separately from DCA due to differences between the Respondents. Jenner is a national law firm representing itself and the MPAA, a national trade association, as well as the nonparties served with subpoenas in the Southern District of New York. DCA, by contrast, is a nonprofit organization with a small number of employees in Washington, D.C. After considering their separate proffers as to the

---

[1] The Southern District of New York initially denied the motion, stating "this is an extremely close case, and I think that reasonable minds can disagree." MPAA and Jenner Suppl. Auth., Hr'g Tr. at 52. That court decided, *sua sponte*, to reconsider the matter and ultimately granted Google's Motion to Transfer.

burden imposed by transfer, the Court finds that the burdens to the nonparties do not outweigh the exceptional circumstances in this case.

The specific examples that Jenner and MPAA identify as creating undue burden are wholly unpersuasive to the Court. These nonparties contend that transfer imposes undue burden by requiring (1) travel to Mississippi, (2) rewriting of briefs to include Mississippi case law, and (3) deviation from their preference to resolve matters locally in the District of Columbia. *See* Tr. at 50-51. First, the encouragement of utilizing telecommunications as an alternative to travel is adequate to avoid undue burden on the nonparties in this context. That the attorney's preference to be "old-fashioned" precludes him from utilizing this alternative does not constitute an undue burden. *See* Tr. at 43-44. Second, these nonparties claim that "there is a burden to having to rewrite briefs to incorporate this circuit and Mississippi law." Tr. at 44-45. This reasoning fails to convince the Court, largely because "transferring a motion to the jurisdiction where the underlying litigation is pending requires few, if any, modifications of the written submissions, [and] does not rise to the level of unfair prejudice." *Wultz*, 304 F.R.D. at 45; *see also Agincourt Gaming*, 2014 U.S. Dist. LEXIS 114348, at *17 (finding that "absent unusual circumstances, the cost of litigation alone does not constitute an unfair burden"). Lastly, Jenner and MPAA argue that their nationwide presence does not diminish their interest in local resolution. However, considering the nonparties' national reach and purposeful involvement in Mississippi to conduct lobbying efforts, their interest in local resolution is significantly reduced. *See Judicial Watch*, 2014 WL 4954368, at *4 ("Given the Petitioner's national reach and familiarity with litigation in courts outside this jurisdiction, the general interest in protecting local nonparties by requiring local resolution of subpoena-related disputes is significantly reduced."). Consequently, the Court fails to find an undue burden for MPAA and Jenner.

The Court does not find that DCA has offered evidence of burden rising to the level needed to outweigh the exceptional circumstances warranting transfer. DCA argues that a substantial interest in local resolution exists because (1) they are a small office of three employees within the District of Columbia, (2) their involvement in Mississippi is limited to the filing of two amici briefs, and (3) transfer would lead to the unbounded burden of a costly, prolonged, and unpredictable privilege battle in the Mississippi Court. *See* Tr. at 75-76.

The Court recognizes that litigating assertions of privilege in another district will impose some level of burden on DCA. The rule contemplates and offsets this burden by allowing counsel admitted to the compliance court to file papers in the issuing court upon transfer. *See* Fed. R. Civ. P. 45(f). The advisory committee notes indicate that the rule minimizes the burden by encouraging courts to allow telecommunication. *See* Fed. R. Civ. P. 45(f), Advisory Committee Notes (2013 Amendments). Moreover, considering the uncontested fact that DCA maintains a strong connection to the forum through the retention of Mississippi-based Mike Moore as their attorney, and given their filing of amici briefs in the forum, the Court finds DCA's claim of limited involvement in Mississippi questionable. *See* Tr. at 59. For these reasons, the Court is unpersuaded that transfer will impose an undue burden on DCA outweighing the exceptional circumstances found above.

Accordingly, the Court finds that transferring the motions to compel will impose only a minimal burden on the Respondents, which the exceptional circumstances presented in this case far outweigh.

**CONCLUSION**

For the foregoing reasons, the Court finds that Petitioner has shown that exceptional circumstances exist, and Respondents have failed to show undue burden outweighing these circumstances. The potential for inconsistent results, the risk of disrupting management of the underlying case, and the need for complex relevancy determinations taken together warrant consolidated case management. Accordingly, the Court will grant Google's Motion to Transfer its Motions to Compel to the Southern District of Mississippi, where the underlying action is pending.

/s/
DEBORAH A. ROBINSON
United States Magistrate Judge

July 31, 2015